FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAY 2 3 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

September 2011 Grand Jury

UNITED STATES OF AMERICA,              )   SA CR No. 12-
                                       )
              Plaintiff,               )   I N D I C T M E N T   SA CR 12-0120
       v.                              )
                                       )   [18 U.S.C. § 1594(c):
ERIC LAMAR WELLS,                      )   Conspiracy; 18 U.S.C.
   aka "Charlie," and                  )   § 1591(a)(1): Sex Trafficking
TONISHA ALECIA MOORE,                  )   of Children; 18 U.S.C.
                                       )   § 2423(e): Conspiracy;
              Defendants.              )   18 U.S.C. § 2423(a):
                                       )   Transportation of Minors
                                       )   into Prostitution]

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1594(c)]

A.   OBJECT OF THE CONSPIRACY

     1.   From on or about April 15, 2012, through on or about April

24, 2012, in Orange County, within the Central District of

California, and elsewhere, defendants ERIC LAMAR WELLS, also known

as "Charlie" ("WELLS"), and TONISHA ALECIA MOORE ("MOORE"),

conspired and agreed with each other to recruit, entice, harbor,

transport, provide and obtain by any means minor females, having had

a reasonable opportunity to observe the minor females, knowing that the minor females had not attained the age of 18 years, and knowing that the minor females would be caused to engage in commercial sex acts, in violation of Title 18, United States Code, Section 1591(a)(1).

B.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE

ACCOMPLISHED

2.   The object of the conspiracy was to be accomplished, in substance, as follows:

a.   Defendant WELLS would recruit minor females to work as prostitutes.

b.   Defendants WELLS and MOORE would transport the minor females to various cities for the purpose of the minor females engaging in commercial sex acts.

c.   Defendants WELLS and MOORE would collect and retain the money the minor females earned for performing commercial sex acts.

C.   OVERT ACTS

3.   In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendants WELLS and MOORE committed various overt acts within the Central District of California and elsewhere, including but not limited to the following:

OVERT ACT #1: On or about April 15, 2012, defendant WELLS recruited Jane Doe #1 and Jane Doe #2 to work for him as prostitutes.

OVERT ACT #2: On or about April 15, 2012, in Las Vegas, Nevada, defendants WELLS and MOORE drove minor females Jane Doe #1 and Jane

2

1   Doe #2 from Las Vegas, Nevada to Phoenix, Arizona for the purpose of

2   minor females Jane Doe #1 and Jane Doe #2 engaging in prostitution.

3          OVERT ACT #3: On or about April 17, 2012, defendant WELLS

4   posted an online advertisement for minor female Jane Doe #1's and

5   minor female Jane Doe #2's prostitution services in the Phoenix,

6   Arizona area on prostitution website backpage.com.

7          OVERT ACT #4: From on or about April 17, 2012, through on or

8   about April 21, 2012, defendants WELLS and MOORE collected money

9   received in exchange for commercial sex acts from minor females Jane

10  Doe #1 and Jane Doe #2.

11         OVERT ACT #5: On or about April 20, 2012, defendant WELLS

12  posted an online advertisement for minor female Jane Doe #1's and

13  minor female Jane Doe #2's prostitution services in the Phoenix,

14  Arizona area on prostitution website backpage.com.

15         OVERT ACT #6: On or about April 21, 2012, defendants WELLS and

16  MOORE drove minor females Jane Doe #1 and Jane Doe #2 from Phoenix,

17  Arizona to Anaheim, California for the purpose of minor females Jane

18  Doe #1 and Jane Doe #2 engaging in prostitution.

19         OVERT ACT #7: From on or about April 21, 2012, through on or

20  about April 23, 2012, defendants WELLS and MOORE collected money

21  received in exchange for commercial sex acts from minor females Jane

22  Doe #1 and Jane Doe #2.

23         OVERT ACT #8: On or about April 22, 2012, defendant MOORE told

24  minor females Jane Doe #1 and Jane Doe #2 that it was time for them

25  to engage in prostitution.

26         OVERT ACT #9: On or about April 22, 2012, defendants WELLS and

27  MOORE drove minor females Jane Doe #1 and Jane Doe #2 to an

28  apartment for the purpose of minor females Jane Doe #1 and Jane Doe

#2 engaging in commercial sex acts with a customer in exchange for $300.

OVERT ACT #10: On or about April 22, 2012, defendant WELLS collected the $300 received in exchange for commercial sex acts from minor females Jane Doe #1 and Jane Doe #2.

OVERT ACT #11: On or about April 23, 2012, defendant WELLS posted an online advertisement for minor female Jane Doe #1's and minor female Jane Doe #2's prostitution services in Orange County, California on prostitution website backpage.com.

OVERT ACT #12: On or about April 23, 2012, defendants WELLS and MOORE drove minor female Jane Doe #2 from Anaheim, California to Sacramento, California for the purpose of minor female Jane Doe #2 engaging in prostitution.

COUNTS TWO THROUGH THREE

[18 U.S.C. §§ 1591(a)(1) and 2]

4.    From on or about April 15, 2012, through on or about April 24, 2012, in Orange County, within the Central District of California, and elsewhere, defendants ERIC LAMAR WELLS, also known as "Charlie," and TONISHA ALECIA MOORE, aiding and abetting each other, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, and obtain the following persons, having had a reasonable opportunity to observe said persons and knowing that said persons had not attained the age of 18 years at the time and would be caused to engage in a commercial sex act.

| COUNT | MINOR |
|-------|-------|
| TWO | Jane Doe #1 |
| THREE | Jane Doe #2 |

COUNT FOUR

[18 U.S.C. §§ 2423(e)]

A.   OBJECT OF THE CONSPIRACY

5.   From on or about April 15, 2012, through on or about April 24, 2012, in Orange County, within the Central District of California, and elsewhere, defendants ERIC LAMAR WELLS, also known as "Charlie," and TONISHA ALECIA MOORE, conspired and agreed with each other to knowingly transport individuals who have not attained the age of 18 years in interstate commerce with the intent that these individuals engage in prostitution, in violation of Title 18, United States Code, Section 2423(a).

B.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE
     ACCOMPLISHED

6.   The Grand Jury incorporates by reference and re-alleges Paragraph 2 of this Indictment as though fully set forth herein.

C.   OVERT ACTS

7.   The Grand Jury incorporates by reference and re-alleges Paragraph 3 of this Indictment as though fully set forth herein.

COUNTS FIVE THROUGH SIX

[18 U.S.C. §§ 2423(a) and 2]

8.     From on or about April 15, 2012, through on or about April 24, 2012, in Orange County, within the Central District of California, and elsewhere, defendants ERIC LAMAR WELLS, also known as "Charlie," and TONISHA ALECIA MOORE, aiding and abetting each other, did knowingly and willfully transport a person, who had not attained the age of 18 years, in interstate commerce, from the State of Nevada through the State of Arizona to the State of California, with the intent that said person would engage in prostitution and

//

//

1 other sexual activity for which a person could be charged with a

2 criminal offense.

| COUNT | MINOR |
|-------|-------|
| FIVE  | Jane Doe #1 |
| SIX   | Jane Doe #2 |

A TRUE BILL

/S/

Foreperson

ANDRÉ BIROTTE JR.
United States Attorney


ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office

TERRI K. FLYNN
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

MARK P. TAKLA
Assistant United States Attorney

8